IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



Chester McCoy; Benjamin Causey; and
DeMarcus Haile, individually, and on
behalf of all of those similarly situated

    Plaintiffs,

v.

Defenders, Inc. d/b/a Protect Your
Home d/b/a Home Defender d/b/a
True Home Security

    Defendant.

Civil Action No. 3:17-cv-207 DCB-LRA

## COMPLAINT

COME NOW the Plaintiffs and prospective Class Representatives, under Federal Rule of Civil Procedure 23, Chester McCoy, Benjamin Causey, and DeMarcus Haile, on behalf of themselves and all of those similarly situated, who file suit against the above-named Defendant, and plead as follows:

*JURY TRIAL DEMANDED*

### I. NATURE OF THE SUIT

1. The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that

failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker(s) to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant overtime compensation, treble damages, back pay for hours worked by the Plaintiffs, and all of those similarly-situated, but not paid by the Defendant, for liquidated damages, and for reasonable attorney's fees and costs.

3. Additionally, Plaintiffs seek a declaration of rights pursuant to Rule 57, Fed. R. Civ. P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## II.   PARTIES

4. The first-named Plaintiff, Chester McCoy, is an adult citizen of the state of Mississippi, who resides in Lincoln County. He may served with process through his attorney-of-record in this matter.

5. The second-named Plaintiff, Benjamin Causey, is an adult citizen of the state of Mississippi, who resides in Rankin County. He may be served with process through his attorney-of-record in this matter.

6. The third-named Plaintiff, DeMarcus Haile, is an adult citizen of the state of Mississippi, who resides in Hinds County. He may be served with process through his attorney-of-record in this matter.

7. The Defendant, Defenders, Inc., d/b/a Protect Your Home d/b/a Home Defender d/b/a True Home Security ("Defenders"), is an Indiana-based corporation that is registered as a Foreign Corporation with the Mississippi Secretary of State's office. Defenders may be served with process via its registered agent with the Mississippi Secretary of State, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

### III. JURISDICTION AND VENUE

8. This Court possesses subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

10. This Court possess personal jurisdiction over the Defendant based upon the "doing business" prong of the Mississippi Long-Arm statute. Miss. Code Section 13-3-57 (1972).

11. Since the Defendant maintains its corporate headquarters in Indianapolis, Indiana, venue for this action properly lies in the Southern District of Mississippi, Jackson Division, under 28 U.S.C. § 1391(b)(1) & (c).

### IV. REQUEST FOR CLASS CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23

12. The Plaintiffs, on behalf of those similarly-situated, seek certification as the class representatives for a class action lawsuit, under Rule 23 of the Federal Rules of Civil Procedure.

13. The class sought to be certified under Rule 23 of the Federal Rules of Civil Procedure, with the Plaintiffs as the class representatives, is all of those current and former

Defenders employees who have been victimized by the violations of the Fair Labor Standards Act, as detailed further in this Complaint.

14. The Plaintiffs, as the prospective class representatives, and the prospective members of this class, under Federal Rule of Civil Procedure 23, have shared similar injuries, and have suffered from similar forms of financial injury as a sole and proximate result of the (purposeful and intentional) violations of the FLSA by Defenders.

15. Specifically, as relates to the appropriateness of this proposed class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Defendant has acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs, and the class as a whole. The proposed class members are entitled to injunctive relief to end the Defendants' common, knowing, intentional, uniform, malicious, and unlawful violations of the FLSA.

16. Further, the proposed class is so numerous that joinder would be impracticable. Although the precise number of members of the proposed class is currently unknown, this number is far greater than can be feasibly addressed through joinder.

17. The class members of the proposed class also share common questions of fact and law. Among these common questions of fact are law are: (1) whether the Defendant's common and uniform wage and hour policies as it relates to its installation-technicians, and managers of this department, violate the provisions of the FLSA regarding required tracking of all hours worked, and all overtime payments owed to the Plaintiffs and prospective class members; (2) whether Defenders has engaged in a pattern and practice of knowingly violating the FLSA by refusing to pay correct overtime wages, in addition to properly pay its

employees for all hours worked on behalf of their employer, Defenders; and (3) whether monetary damages, injunctive relief, and/or other equitable remedies for the class are warranted.

18. The Plaintiffs, the proposed class representatives, have suffered injuries, and have claims, that are typical of all current and/or former employees (victims) of the unlawful wage and hours practices of Defenders toward its installation-technicians and their field-managers.

19. The Plaintiffs, as the proposed class representatives (the Class Plaintiffs), will fairly and adequately represent and protect the interests of the members of the proposed class.

### V.     COVERAGE UNDER THE FLSA

20. At all material times since 2007, the Defendant, Defenders, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

21. At all material times since July 2011, Defenders was an employer as defined by 29 U.S.C. § 203(d).

22. At all material times relevant to this action, Defendant's annual gross volume of sales made or business done is not less than five-hundred thousand dollars ($500,000.00).

23. At all material times relevant to this action, Defendant has had two or more employees handling, selling or otherwise working on goods or materials that have been moved or produced for such commerce, *i.e.*, home-security-installation supplies, tools, equipment, etc.

24. Additionally, Plaintiffs were/are engaged in activities that had a substantial effect upon interstate commerce during their employment with the Defendant.

25. At all material times relevant to this action, the Defendant failed to comply with 29

U.S.C. §§201-209 due to the fact that the Plaintiffs performed services for the Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for those hours in excess of forty (40) within a work week.

26. During their employment with Defendant, the Plaintiffs were not paid time-and-one-half their regular rate of pay for all hours worked in excess of forty per work week during one or more weeks.

27. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices, and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

28. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody and control of the Defendant.

### V. FACTUAL ALLEGATIONS

29. Defendant home-security-system-installation and repair services to consumers throughout the United States.

30. Defendant purports to contract with individuals to perform installation, repair, construction and supervisory work associated with monitoring the quality of those services.

31. Defendant pays its technician by the job (commonly referred to as "piece rate"). Defendant's technicians are required to show up at a specific time in the morning, and at such location are handed out specific orders with instructions as to specific work which must

be done by that day, or within a matter of hours. Moreover, each contractor is provided with specification books as to how each such installation, repair, or construction work is to be performed.

32. All of the telecommunications equipment used by the Plaintiffs and those similarly must be picked up from a facility on Defendant's property where Defendant informs each technician of the amount of equipment needed to perform the jobs for that day.

33. Each of the Plaintiffs has worked well over forty hours per week since their employment with the Defendant began.

34. Typically, the Plaintiffs work(ed) between fifty-five (55) and eighty (80) hours per week without any legitimate overtime compensation.

35. In addition, Defenders has failed to pay its installation employees for any hours worked (let alone overtime pay) related to the following, mandatory activities that Defenders requires of its employees: (1) daily mandatory meetings, beginning at 6:30 A.M. each workday, of approximately 1.5-2.0 hours per meeting; (2) weekly mandatory meetings (on Wednesdays), of approximately 4.0-4.5 hours; these meetings are now stipulated to occur all of the way up in Memphis, Tennessee, for the Mississippi-based employees; (3) unpaid travel time of approximately 10-20 hours per week, per employee.

36. If the Defendant, or its customers, are unsatisfied with work performed by the Plaintiffs, the Defendant required(es) the Plaintiffs to go out and correct any perceived deficiency, and to make all repairs immediately, while the Plaintiffs are not paid for their time worked in correcting these perceived deficiencies.

37. The Defendant, Defenders, engages in a uniform and common pattern of cheating

its employees out of the true accounting of all of the hours they work on the job, and their proper overtime pay under the FLSA, in a multitude of ways that will be further exposed during discovery in this litigation.

38. First-named Plaintiff, Chester McCoy, worked as a technician for Defendant from approximately 2011 until June 2015.

39. Second-named Plaintiff, Benjamin Causey, has worked as a technician/field manager for Defendant until approximately November 2013. Benjamin Causey did not discover his injuries (the wrongfulness of Defender's wage and hour practices) until only very recently. These violations, and the injuries caused by them to Benjamin Causey, have been concealed from this Plaintiff by the Defendant. Therefore, these claims are not time-barred under the discovery rule that applies to such concealed injuries.

40. Third-named Plaintiff, DeMarcus Haile, has worked as a technician for Defendant from approximately September 2015 until he was (wrongly) terminated – likely for publicly-expressing concerns over wage and hour violations by Defenders – in May 2016.

41. Plaintiffs were all paid "piece rate" compensation in exchange for work performed.

42. Specifically, Plaintiffs wages were based on the job performed, not the amount of hours worked, regardless of how many hour above forty, per work week, they worked on behalf of Defenders.

43. Plaintiffs routinely work(ed) far in excess of forty hours per week as part of their regular job duties.

44. Despite working more than forty hours per week, Defendant failed to pay Plaintiffs overtime compensation at a rate of time-and-a-half their regular rate of pay for those hours

worked in excess of forty in a work week.

45. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to the Plaintiffs.

46. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

47. During the relevant period, Defendant violated § 7(a)(l) and § 15(a)(2), by employing the Plaintiffs in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA, for one or more work weeks without compensating Plaintiffs for their work at a rate of at least time-and-one-half for all hours worked in excess of 40 hours in a work week.

48. Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

49. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1 through 48, above.

50. Plaintiffs are/were entitled to be paid time-and-one-half their regular rate of pay for each hour worked in excess of forty per work week.

51. During their employment with Defendant, Plaintiffs regularly worked overtime hours but were not paid time-and-one-half compensation for any of these hours worked.

52. Specifically, Plaintiffs were paid a "piece rate" method of payment, without any additional premium payment of time-and-one-half of their regular rate of pay for the hours

that they worked in excess of forty within a work week.

53. In addition, Defendant did not maintain and keep accurate time records, as required by the FLSA, for the hours that the Plaintiffs worked on behalf of Defenders.

54. Defenders committed these blatant and knowing violations of the FLSA even though it actually, upon information and belief, posted the required FLSA informational listings, as required by the FLSA, for Plaintiffs to view and be informed of their rights under the FLSA. It is these posters that ultimately lead to the discovery of the Plaintiffs of the wrongfulness of Defenders' wage and hour policies toward its technicians and field-managers.

55. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages under federal law.

56. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs time-and-one-half their regular rate of pay for each hour worked in excess of forty per work week in one or more work separate weeks, the Plaintiffs have suffered significant damages, along with incurring reasonable attorney's fees and costs.

57. Plaintiffs demand a trial by jury.

**COUNT II - RECOVERY OF UNPAID MINIMUM WAGE (FEDERAL)**

58. Plaintiffs allege and reincorporate all allegations contained in Paragraphs 1 – 57 of this Complaint.

59. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

60. At all relevant times, Defendant employed, and/or continues to employ the Plaintiffs in this action.

61. As stated above, Defendant had and/or continues to have a policy of paying Plaintiffs a "piece rate" method of payment, regardless of the number of hours actually worked.

62. The "piece rate" paid by the Defendant would vary depending on what kind of installation or repair the Plaintiffs would perform.

63. Plaintiffs often worked in excess of eighty hours per week (based upon a true accounting of all hours worked on behalf of Defenders) and only received the piece rate of pay, without any additional compensation for the hours worked in excess of forty within a week.

64. There have been many weeks where Plaintiffs have been paid less than the statutory minimum wage for all hours worked as a result of Defendant's piece rate method of payment.

65. Such a policy and practice violates the FLSA's minimum wage provisions.

66. Defendant's failure to pay Plaintiffs the full minimum wage is a violation of 29 U.S.C. § 206.

67. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT III- DECLARATORY RELIEF

68. Plaintiffs readopt and reincorporate Paragraphs 1-67, above.

69. This Court possesses jurisdiction to hear Plaintiffs' request for declaratory relief

under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

70. Plaintiffs may obtain declaratory relief.

71. Defendant employs(ed) the Plaintiffs.

72. Defendant is an enterprise.

73. The Plaintiffs are/were each individually covered by the FLSA.

74. Defendant failed to pay Plaintiffs for all the hours that they worked.

75. Plaintiffs are entitled to overtime under 29 U.S.C. §207(a)(1).

76. Plaintiffs are entitled to full minimum wage under 29 U.S.C. § 206(a).

78. Defendant did not keep accurate time records, as required under 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

79. Defendant did not rely on a good faith defense if failing to do so.

80. Plaintiffs are entitled to liquidated damages.

81. It is in the public interest to have these declarations of rights recorded

82. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue in this litigation.

83. The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to this litigation.

84. Plaintiffs demand a trial by jury.

BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Plaintiffs demand judgment against Defendant for:

1. The payment of all overtime hours at one-and-one-half the regular rate of pay for the hours worked by Plaintiffs for which the Defendant did not properly compensate them;

2. The payment of all regular hours worked at no less than the statutory minimum wage;

3. Liquidated (and treble/punitive) damages;

4. Reasonable attorney's fees and costs incurred in this action;

5. A declaration that Plaintiffs were/are employees of the Defendant under the terms of the FLSA, and that they were/are **not** independent contractors; along with a declaration that the structure of "piece meal" payment by the Defendant to its technicians and field-managers in unlawful under the FLSA; and a declaration that the technician and field-managers employees of the Defendant must be paid the appropriate hourly wage(s) for all mandatory travel-time, meetings, etc., that Defenders requires.

6. Reimbursement of self-employment tax unnecessarily paid by Plaintiffs as a result of their misclassification;

7. Pre and post-judgment interest, as provided by law;

8. A trial by jury on all fact issues; and

9. Any and all further relief that this Court determines to be appropriate.

Respectfully submitted,

CHESTER McCOY.;
BENJAMIN CAUSEY; and
DeMARCUS HAILE

The Plaintiffs (and prospective class representatives)

BY: _____
OF COUNSEL

MACY D. HANSON – MS BAR # 104197
macy@macyhanson.com
THE LAW OFFICE OF MACY D. HANSON, PLLC

THE ECHELON CENTER
102 FIRST CHOICE DRIVE
MADISON, MISSISSIPPI 39110
TELEPHONE: (601) 853-9521
FACSIMILE: (601) 853-9327