UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| CHESTER MCCOY; BENJAMIN CAUSEY; DEMARCUS HAILE; DANIEL HARRIS; ANTYON GRAY; MARIO SPEECH; TERRELL COOPER; RAFAEL ANDERSON; AND GENE WOOLSEY, individually, and on behalf of all of those similarly situated, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 3:17-cv-207-DCB-LRA |
| ) | |
| DEFENDERS, INC. d/b/a Protect Your Home d/b/a Home Defender d/b/a True Home Security, ) ) ) ) | |
| Defendant. ) | |

**DEFENDANT DEFENDERS, INC.'S
RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**

**COMES NOW** Defendant Defenders, Inc. ("Defendant" or "Defenders") and, pursuant to Fed. R. Civ. P. 12(c), hereby moves for judgment on the pleadings as to Plaintiffs Benjamin Causey ("Causey") and Gene Woosley's ("Woosley") (collectively "Plaintiffs") claims in this action because they are barred by the applicable statute of limitations. In support of this Motion, Defenders states as follows:

**I.   INTRODUCTION**[1]

This is an action under the Fair Labor Standards Act ("FLSA"). In the First Amended Complaint, Plaintiff Benjamin Causey admits his employment with Defenders ended in November 2013. *See* Doc. 35, ¶39. Plaintiff Gene Woosley admits his employment with

---

[1] Defenders filed a Motion for Judgment on the Pleadings on the claims of Plaintiff Benjamin Causey on June 16, 2017. Doc. 19. On August 29, 2017, Plaintiff filed a First Amended Complaint. *See* Doc. 35.

30126920 v1

Defenders ended in "approximately the Winter of 2013." *Id.* at ¶46.  Causey did not file this action until March 27, 2017, and Woosley did not join this action as a named plaintiff until August 29, 2017.  *See* Docs. 1, 35.  Thus, Causey and Woosley's claims were filed well beyond the maximum three year statutory period applicable to FLSA claims.  *Id.*  Their failure to file their claims within the applicable limitations period cannot be excused.  Thus, Causey and Woosley's FLSA claims are time-barred and must be dismissed with prejudice.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) states:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A motion under Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the pleadings and any judicially noticed facts.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).  Judgment on the pleadings serves an important function in achieving Rule 1's "just, speedy, and inexpensive determination" of pending cases.  *See* Fed. R. Civ. P. 1.  "[L]itigants should not be required to go through the full and elaborate process of trial of issues when there is a dominating legal principle governing liability which is dispositive of the case without the necessity of trial." *Kennedy v. Boles Investment, Inc.*, 2011 WL 2262479, at *4-5 (S.D. Ala. June 11, 2011).

## III. ARGUMENT

Plaintiffs Benjamin Causey and Gene Woosley's FLSA claims in this action are time-barred and must be dismissed.  A plaintiff must file a lawsuit or consent to join a lawsuit for unpaid overtime compensation under the FLSA within two years of a violation; or, for alleged willful violations, within three years of the alleged violation.  *See* 29 U.S.C. § 255(a); 29 C.F.R. § 790.21(a)(1).  "A cause of action (for the violation of the FLSA) accrues at each regular payday immediately following the work period during which the services were rendered for

which the wage and overtime compensation is claimed." *Alldread v. City of Grenada*, 988 F.2d 1425, 1430 (5th Cir. 1993).

Here, Causey admits in the First Amended Complaint his employment with Defenders ended in November 2013. *See* Doc. 35, ¶39 ("Second-named Plaintiff, Benjamin Causey, has worked as a technician/field manager for Defendant until approximately November 2013."). Woosley admits in the First Amended Complaint his employment with Defenders ended in "approximately the Winter of 2013." *Id.* at ¶46 ("The ninth-named Plaintiff, Gene Woosley, worked as an installation-technician, employed by Defenders, until approximately the Winter of 2013."). Causey did not file his claims in this action until March 27, 2017, and Woosley did not join this action as a party plaintiff until August, 2017. *See* Docs. 1, 35. Thus, Causey and Woosley filed their respective claims in this action **more than three years after they admit their employment with Defenders ended**. *Id*. Therefore, their respective FLSA claims are time-barred, and they must be dismissed from this action with prejudice. *See Chiung-Yu v. Prudential Ins. Co. of Am.*, 439 Fed. App'x 359, 365 n.3 (5th Cir. 2011) ("Here, even assuming the alleged violation was willful, Wang's employment—and, as a result, her last pay period—ended on October 8, 2014; therefore, Wang's FLSA claim was untimely because it was not filed within three years after her cause of action accrued.").

Both Causey and Woosley allege in the First Amended Complaint that their "claims are not time-barred under the discovery rule that applies to such concealed injuries." *See* ¶¶39, 46. Neither Causey nor Woosley cite any such rule and plead no facts, however, demonstrating the applicable statute of limitations should not apply to their claims. Even assuming, *arguendo*, Plaintiffs seek to invoke the equitable tolling doctrine, their claims cannot survive. In the Fifth Circuit, equitable tolling applies only in "'rare and exceptional circumstances' and is available

only when a plaintiff diligently pursues his rights." *Bingham v. Jefferson Cty.*, 2011 WL 13089001, at *3 (E.D. Tex. 2011) (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)). "The party who invokes equitable tolling bears the burden of proof." *Bingham*, 2011 WL 13089001, at *3 (internal citations omitted). "For this narrow exception to apply, a plaintiff must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Sandoz v. Cingular Wireless, LLC*, 675 Fed. Appx. 448, 451, 2017 WL 150486, at *6 (5th Cir. 2017). "This is a heavy burden, as 'it is well established that equitable tolling must be strictly construed.'" *Id.*

First, Causey and Woosley's conclusory allegations that they "did not discover" their claims because they "have been concealed from this Plaintiff by the Defendant" (Doc. 35, ¶¶39, 46) are insufficient as a matter of law to excuse time-barred claims. *See Bailey v. Arvato Digital Serv. (I)*, 2014 U.S. Dist LEXIS 30637, at *2-3 (D. Nev. March 7, 2014) (holding that plaintiff must plead facts in the complaint with particularity sufficient that the statute of limitations should not apply). Causey and Woosley vaguely plead their claims "have been concealed from this Plaintiff by the Defendant," but offer no factual allegations whatsoever in support. Doc. 35, ¶¶39, 46; *Rodriguez v. Potter*, 2005 WL 2030838, at *3 n.6 (S.D. Tex. Aug. 22, 2005) (declining application of equitable tolling despite plaintiff's claim that defendant "fraudulently conceal[ed]" overtime eligibility). Neither Plaintiff pleads with particularity any reason why discovery was beyond his control or makes any factual allegations sufficient to support equitable tolling in the Fifth Circuit. Thus, Causey and Woosley's own allegations in the First Amended Complaint fail to meet their pleading burden.

Even if Causey and/or Woosley had pled *some* facts to support an equitable tolling argument, which they did not, under Fifth Circuit precedent they still would not be able to

demonstrate equitable tolling. It cannot be disputed that Causey and Woosley knew all the facts supporting their claims in this action within the statutory period. Their FLSA claims accrued on a biweekly basis when they received their paychecks, and each paycheck provided the very information on which they now base this untimely lawsuit. *See Sandoz*, 2017 WL 150486, at *3-4. The Fifth Circuit held in *Sandoz* that the plaintiff could not establish equitable tolling despite her allegation that the employer provided no notice because the employee received time and pay records for each paycheck, and therefore, all the information needed to discover a potential violation. 675 Fed Appx. at 451-52; *see also In re Tyson Foods, Inc.*, 2008 WL 4613654, at *3 (M.D. Ga. Oct. 15, 2008) (finding equitable tolling inappropriate when there was no showing that the potential plaintiffs were reasonably induced to refrain from filing a timely claim and they had all the information they needed to file an FLSA claim); *McPherson v. Leam Drilling Sys., LLC*, 2015 WL 12940018, at *2 (S.D. Tex. Sept. 30, 2015) (declining application of equitable tolling where plaintiffs could not show inability to "discover essential facts" about their claims).

Causey and Woosley's failure to know or understand the overtime law applicable to their claims cannot excuse their failure to timely file either. The Fifth Circuit has held that ignorance of law is not grounds for equitable tolling, *see Sandoz v. Cingular Wireless, L.L.C.*, 2017 WL 150486, at *6 (5th Cir. Jan. 13, 2017) ("A long line of cases have held that ignorance of the law... cannot justify tolling."), and courts have held that failure to post FLSA notices does not warrant equitable tolling. *See Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 654 (W.D. Tex. 2010) ("Thus, even though Dynasty may have failed to post signs informing them of their rights, Dynasty's failure did not deprive Plaintiffs of the knowledge that they were owed such compensation. It is not necessary for Plaintiffs to know that a cause of action exists, so long as they knew or should have known the facts that comprise their FLSA claim."); *see also*

*Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("The statute itself gave the plaintiffs constructive notice of the fact that [their employer] was violating their rights under the FLSA and of the deadline for filing suit."); *Archer v. Sullivan Cty., Tenn.*, 129 F.3d 1263, 1267 (6th Cir. 1997) (holding that employer's failure to provide required DOL notice of employee's rights under FLSA does not alone provide basis for equitable tolling).  Because Causey and Woosley had all the facts needed to bring their FLSA claims, equitable tolling cannot excuse their failure to file this action within the limitations period.

## IV.  CONCLUSION

WHEREFORE, PREMISED CONSIDERED, Defendant Defenders, Inc. respectfully requests that this Court grant judgment in its favor as to Plaintiff Benjamin Causey's and Gene Woosley's claims in this action and dismiss their claims from this case with prejudice.

*/s/ K. Bryance Metheny*
K. Bryance Metheny
Ronald W. Flowers, Jr.
H. Carlton Hilson
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100

Jahviah Dyjuan ("JD") Cooley
BURR & FORMAN LLP
The Pinnacle Building
190 E. Capital Street, Suite M-100
Jackson, Mississippi  39201
Telephone: (866) 355-3439
Facsimile: (601) 355-5150

ATTORNEYS FOR DEFENDANT DEFENDERS, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this, the 12th day of September, 2017:

Macy D. Hanson
The Law Office of Macy D. Hanson, PLLC
102 First Choice Drive
Madison, MS 39210
Email:  macy@macyhanson.com


                                                */s/ K. Bryance Metheny*
                                                OF COUNSEL