```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

CHESTER McCOY, BENJAMIN CAUSEY,
AND DeMARCUS HAILE, DANIEL HARRIS,
ANTYON GRAY, MARIO SPEECH, TERRELL
COOPER, RAFAEL ANDERSON, AND GENE
WOOLSEY, Individually And On Behalf
of Themselves And All Others
Similarly Situated                                         PLAINTIFFS

VS.                          CIVIL ACTION NO. 3:17-cv-207(DCB)(LRA)

DEFENDERS, INC., d/b/a Protect
Your Home d/b/a Home Defender,
d/b/a True Home Security                                    DEFENDANT

                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Defenders, Inc. ("Defenders")'s Renewed Motion for Judgment on the Pleadings **(docket entry 41)** as to plaintiffs Benjamin Causey ("Causey") and Gene Woolsey ("Woolsey").[1] Having carefully considered the motion and the plaintiffs' response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

This is an action under the Fair Labor Standards Act ("FLSA"). The defendant contends that the claims of plaintiffs Causey and Woolsey are barred by the applicable statute of limitations. Plaintiff Causey admits that his employment with the defendant ended in November of 2013, and plaintiff Woolsey admits that his

---

[1] References to "plaintiffs" herein refer solely to plaintiffs Causey and Woolsey.

employment with the defendant ended in the Winter of 2013. The defendant further states that Causey did not file this action until March 27, 2017, and Woolsey did not join this action as a named plaintiff until August 29, 2017. (See docket entries 1 and 35). Therefore, according to the defendant, Causey's and Woolsey's claims were filed well beyond the three-year statutory period applicable to FLSA claims. The defendant asserts that Causey's and Woolsey's FLSA claims are time-barred and must be dismissed with prejudice.

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed, but early enough not to delay trial - a party may move for judgment on the pleadings." A motion under Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the pleadings and any judicially noticed facts. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002). Judgment on the pleadings serves an important function in achieving Rule 1's "just, speedy, and inexpensive determination" of pending cases. See Fed.R.Civ.P. 1. "[L]itigants should not be required to go through the full and elaborate process of trial of issues when there is a dominating legal principle governing liability which is dispositive of the case without the necessity of trial." Kennedy v. Boles Investment, Inc., 2011 WL 2262479, at *4-5 (S.D. Ala. June 11, 2011).

A plaintiff must file a lawsuit or consent to join a lawsuit for unpaid overtime compensation under the FLSA within two years of a violation; or, for alleged willful violations, within three years of the alleged violation.  See 29 U.S.C. § 255(a); 29 C.F.R. § 790.21(a)(1).  "A cause of action (for the violation of the FLSA) accrues at each regular payday immediately following the work period during which the services were rendered for which the wage and overtime compensation is claimed."  Alldread v. City of Grenada, 988 F.2d 1425, 1430 (5th Cir. 1993).

Plaintiff Causey admits, in the First Amended Complaint, that his employment with Defenders ended in November of 2013.  See docket entry 35, ¶39 ("Second-named Plaintiff, Benjamin Causey, has worked as a technician/field manager for Defendant until approximately November 2013.").  Plaintiff Woolsey also admits, in the First Amended Complaint, that his employment with Defenders ended in "approximately the Winter of 2013."  See id. at ¶46 ("The ninth-named Plaintiff, Gene Woolsey, worked as an installation-technician, employed by Defenders, until approximately the Winter of 2013.").  Causey did not file his claims in this action until March 27, 2017, and Woolsey did not join this action until August, 2017.  See docket entries 1 and 35.  Thus, Causey and Woolsey filed their respective claims in this action more than three years after they admit their employment with Defenders ended.  Id. Therefore, according to Defenders, Causey and Woolsey's respective FLSA claims

3

are time-barred, and they must be dismissed from this action with prejudice.  See Chiung-Yu v. Prudential Ins. Co. of Am., 439 Fed. App'x 359, 365 n.3 (5th Cir. 2011)("Here, even assuming the alleged violation was willful, Wang's employment - and, as a result, her last pay period - ended on October 8, 2014; therefore, Wang's FLSA claim was untimely because it was not filed within three years after her cause of action accrued.").

However, both Causey and Woolsey allege in the First Amended Complaint that the statute of statute of limitations period "must be equitably-tolled until the date that Defenders finally began complying with the posted-notice requirements of the FLSA, which, upon information and belief, did not occur until 2016.  This means that Causey's and Woolsey's claims against Defenders, that have been plausibly-pleaded in this matter, could not possibly be time-barred until sometime in 2019."  See docket entry 43, p.3.

The plaintiffs further respond that in applying the doctrine of equitable estoppel to the statute of limitations to a covered employee protected by the ADEA and/or FLSA, the Fifth Circuit has held that "[t]he equitable estoppel inquiry involves questions of fact and law.  Questions such as whether the employer misled the employee are questions of fact ... Equitable estoppel 'does not hinge on intentional misconduct on the defendant's part.  Rather, the issue is whether the defendant's conduct, innocent or not, reasonably induced the plaintiff not to file suit within the

4

limitations period.'" Tyler v. Union Oil Co., 304 F.3d 379, 391 (5th Cir. 2002)(internal citation omitted). The plaintiffs also assert that Defenders engaged in a concerted scheme "not only to violate federal wage and hours laws as its standard operating procedure, as relates to the payment of its installation-technicians, but also Defenders' concerted efforts to conceal from its installation-technicians any notice, whatsoever, of their rights under federal wage and hour laws, including, and especially the FLSA." Plaintiffs' Response (docket entry 43), p. 2 (emphasis in original).

Causey and Woolsey allege that "Defenders engaged in a purposeful, intentional and concerted effort to conceal from its installation-technicians their rights under federal wage and hour laws, including, and especially the FLSA." Id. Causey and Woolsey further argue that "Defenders is not entitled to the running of the statute of limitations under the FLSA as [it is] related to the individual, and proposed class claims, of Plaintiffs, Benjamin Causey and/or Gene Woolsey," and that "[i]t therefore follows ... that Defenders' (Renewed) Rule 12(c) Motion for a Judgment on the Pleadings [41] must be denied at this very early stage of this litigation." Id.

This Court applies the same standard of review to a Rule 12(c) motion as it does to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). See

Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2nd Cir. 2006). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2nd Cir. 2012). However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also id. at 681 (citing Twombly, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

 The defendant argues that Causey and Woolsey cannot raise equitable tolling at this juncture because they did not plead it in their complaint. However, since the statute of limitations is an affirmative defense, the plaintiffs are not required to allege equitable tolling as an element of their claim. See U.S. Gypsum

Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003)("[c]omplaints need not anticipate or attempt to defuse potential defenses"); Sexton v. Franklin First Fin., Ltd., 2009 WL 1706535, at *16-17 (E.D. N.Y. 2009); In re South African Apartheid Litig., 617 F.Supp.2d 228, 287 n.368 (S.D. N.Y. 2009).

Ordinarily, equitable tolling is an issue determined on a motion for summary judgment (or at the time of trial) since it is heavily fact dependent. See Upadhyay v. Sethi, 2012 WL 260636, at *5 (S.D. N.Y. 2012); Garcia v. Pancho Villa's of Huntington Village, Inc., 268 F.R.D. 160, 166 (E.D. N.Y. 2010). Although the Fifth Circuit has held that the doctrine of equitable tolling should be applied sparingly, it has also allowed the doctrine's application where a plaintiff has acted diligently and where the delay concerns extraordinary circumstances. Caldwell v. Dretke, 429 F.3d 521, 530 (5th Cir. 2005).

The doctrine of equitable tolling "is read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). The statute of limitations will be tolled if a plaintiff was "excusably unaware of the existence of his cause of action" or if his injury was "inherently unknowable." Nerseth v. U.S., 17 Cl.Ct. 660 (1989); Udvari v. U.S., 28 Fed.Cl. 137 (1993)(citations omitted). In this case, the tolling issue depends upon whether or not the plaintiffs were reasonably unaware during the relevant pay periods that they were being underpaid by the defendant. Udvari,

28 Fed.Cl. at 140 (finding that an FLSA claim accrues when the plaintiff "reasonably should have learned of his cause of action").

Such an inquiry is by nature fact-sensitive. The Court finds that there is an insufficient record at this time to determine whether the claims of Causey and Woolsey are entitled to equitable tolling. Whether tolling applies is a highly factual issue that depends on what and when a plaintiff knew or should have known - an inquiry that is simply impossible to conduct without further development of the record. Due to the highly factual nature of equitable tolling, Causey and Woolsey are entitled to an opportunity to show that their claims are not time-barred after the factual record has been developed.

The Court therefore shall deny the defendant's Renewed Motion for Judgment on the Pleadings without prejudice. The parties may conduct discovery on the equitable tolling issue, and Defenders may renew its statute of limitations argument at a later stage by a summary judgment motion or at the time of trial.

Accordingly,

IT IS HEREBY ORDERED that Defenders, Inc.'s Renewed Motion for Judgment on the Pleadings **(docket entry 41)** as to plaintiffs Causey and Woolsey is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 11th day of December, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE